RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

ALEXANDER E. STEVKO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-2380 (v)
202-307-0054 (f)
Alexander.Stevko@usdoj.gov

Billy J. Williams
United States Attorney
District of Oregon

Attorneys for the United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON`
PORTLAND DIVISION

| United States of America,<br><br>    Plaintiff,<br><br>      v.<br><br>Karen L. Carson; Charles Harman; Yamhill County, Oregon; Ocwen Financial Corporation; Oregon Department of Revenue; Julie M. Pettit; Martin J. Strelecky; and Teresa A. Strelecky.<br><br>    Defendants. | Case No.:<br><br>COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS |
|---|---|

The United States of America complains and alleges as follows:

1.      This is a civil action by the United States of America to (1) reduce to

judgment federal income tax assessments against defendant Karen L. Carson; (2) reduce

to judgment federal income tax assessments against defendant Charles Harman; (3) determine that tax liens against Karen Carlson and Charles Harman attach to certain real property in Newberg, Oregon, and that another lien held by Julie M. Pettit does not; and (4) foreclose federal tax liens against real property owned by Charles Harman in Newberg, Oregon.

## JURISDICTION AND VENUE

2.       This action is brought at the direction of the Attorney General of the United States and at the request and with authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403.

3.       This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402 and 7403, and 28 U.S.C. §§ 1340 and 1345.

4.       Venue is proper in the District of Oregon under 28 U.S.C. §§ 1391 and 1396. Karen Carlson and Charles Harman reside in this judicial district, their federal tax liabilities that are the subject of this action arose in this district, and the real property at issue is located in this district.

5.       Because the Defendants reside in Yamhill County, the Portland Division of the District of Oregon is the proper division for this case pursuant to LR 3-2(a).

## DEFENDANTS

6.       Defendant Karen Carlson is an individual residing within this judicial district. She is married to defendant Charles Harman. She is named as a defendant

because she has unpaid tax income liabilities that form the basis of this suit, and because she may claim an interest in the real property at issue in this case.

7.      Defendant Charles Harman is an individual residing within this judicial district. He is married to defendant Karen Carlson. He is named as a defendant because he has unpaid income tax liabilities that form the basis of this suit, and because he has an interest in the real property at issue in this case.

8.      Ocwen Financial Corporation is named as a defendant under 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

9.      Yamhill County, Oregon is named as a defendant under 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

10.     Julie M. Pettit is the sister of Karen Carlson and is named as a defendant under 26 U.S.C. § 7403(b) because she may claim an interest in the real property at issue.

11.     The Oregon Department of Revenue is named as a defendant under 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

12.     Martin J. Strelecky is named as a defendant under 26 U.S.C. § 7403(b) because he may claim an interest in part of parcel III of the real property at issue.

13.     Teresa A. Strelecky is named as a defendant under 26 U.S.C. § 7403(b) because she may claim an interest in part of parcel III of the real property at issue.

## THE SUBJECT PROPERTY

14.     This action seeks to foreclose upon the real property currently titled in the name of Charles Harman and deeded to him by his wife Karen Carlson (the "subject property"). The subject property comprises three parcels with two street addresses of

13349 NE Worden Hill Road, Newberg, OR 97132 and 13445 NE Worden Hill Road,

Newberg, OR 97132. The three parcel numbers are 71816/R331700300,

71834/R331700302, and 71843/ R331700303, and the legal descriptions are as follows:

PARCEL 1
Beginning at the most Westerly Southwest corner of the D.D. Bailey Donation Land
Claim No. 66, in Section 16 and 17 of Township 3 South, Rang 3 West of the Willamette
Meridian in Yamhill County, Oregon; thence East 224.35 feet to an angle corner of said
claim; thence South 00°20' East 312.48 feet to an iron pipe; thence North 89°40'30" East
1071.37 feet to an iron pipe; thence North 803.45 feet to a point on the North line of a 60
foot wide strip of land for roadway; thence South 89°40'30" West 358.57 feet to an iron
rod; thence North 00°192' West. 164.95 feet; thence South 89°40'30" West 948.97 feet
to the West line of said bailey Claim; thence South 654.72 feet to the point of beginning.

SAVINGS AND EXCEPTING the following described tract:

Beginning at the most Westerly Southwest corner of the D.D. Bailey Donation Land
Claim No. 66, in Sections 16 and 17 of Township 3 South, Range 3 West of the
Willamette Meridian, in Yamhill County, Oregon; thence East 224.35 feet to an angle
Corner of said Claim; thence South 00°20' east with the West line of said claim, 312.48
feet to the Southwest corner of land conveyed to Heupel of deed of recorded in Film
Volume 38, Page 810, Yamhill County Deed Records; thence North 89°40'30" East
778.41 feet to a point on the South line of said conveyance, [begin] the TRUE POINT
BEGINNING; thence North 89°40'30" East 292.96 feet to an iron pipe; thence North
743.45 feet to an iron pipe; thence South 89°40'30" West along the Westerly extension of
the South line of a 60 foot wide roadway strip of land, a distance of 292.96 feet; thence
South 743.45 feet to said TRUE POINT OF BEGINNING

Parcel II

Beginning at the most Westerly Southwest corner of the D.D. Bailey Donation Land
Claim No. 66 in Section 16, and 17 of Township 3 south, range 3 West of the Willamette
Meridian in Yamhill County, Oregon; thence East 224.35 feet to an angle corner of said
claim; thence South 00°20' East with the West line of said claim; 312.48 feet to the
Southwest corner of land conveyed to Heupel by deed of record in Film Volume 38, Page
810, Yamhill County Deed Records; thence North 89°40'30" East 778.41 feet to a point
on the South line of said conveyance, being the TRUE POINT OF BEGINNING, herein;
thence North 89°40'30" East 292.96 feet to an iron pipe; thence North 743.45 feet to an
iron pipe; thence South 89°40'30" West along the Westerly extension of the South line of
a 60 foot wide roadway strip of land, a distance of 292.96 feet; thence South 743.45 feet
to said TRUE POINT OF BEGINNING.

Complaint                           4
(Case No.)

PARCEL III

Beginning at the Northwest corner of Parcel I of that tract of land sold on contract to
Charles I, Paetel, et ux by instrument recorded November 29, 1977 in Film Volume 124,
Page 2036, being a point North 433.78 feet and East 1297.55 feet from the most Westerly
Southwest corner of the D.D. Bailey Donation Land claim No. 66, in Sections 16 and 17
of Township 3 South, Range 3 West of the Willamette Meridian, in Yamhill County,
Oregon; thence North 60 feet to a point on the South line of that tract of land conveyed to
Arnold Trachsel, et ux., by instrument recorded August 27, 1968 in Film Volume 72,
Page 125, Yamhill County Deed and Mortgage Records; thence North 89°40'30" East
1175.50 feet to a point that is 10 feet West of the West line of County Road; thence South
along a line that is ten feet West of the West line of County Road, 60 feet to the Northeast
corner of Parcel 1 of that tract of land sold on contract to Charles Charles L. Paetel, et ux
by instrument Recorded November 29, 1977 in Film Volume 124, Page 2036; thence
South 89°40'30" West 1175.50 feet to the point of beginning.[1]

     15.    Karen Carlson acquired the subject property from Barrett and Sharon

Phillpott for $695,000 by statutory warranty deed dated December 13, 2005 and recorded

January 12, 2006.

     16.    Karen Carlson financed the purchase of the subject property with a

$556,000 loan.

     17.    The statutory warranty deed with which Karen Carlson acquired the

property includes the description of parcel III described above. Another statutory

warranty deed from 2014 conveying mostly neighboring property to Martin and Teresa

Strelecky includes "an undivided one-half interest" in parcel III.

---

[1] As described below, there is a conflict between different deeds related to Parcel III, and
there may be a small error in the legal description of the parcel included in the statutory
warranty deed transferring the property to Karen Carlson.

18.    On October 29, 2009, Karen Carlson recorded a deed of trust against the subject property and in favor of her sister, Julie Pettit, securing a purported loan of $880,000.

19.    On September 25, 2012, Karen Carlson and Charles Harman executed a bargain and sales deed through which she conveyed title to the subject property to him for "$1.00 plus other good and valuable consideration." They recorded the deed on September 27, 2012.

20.    On June 28, 2013, Charles Harman granted Portland General Electric Company a service easement on the subject property. The easement was recorded on July 8, 2013.

21.    On information and belief, Charles Harman and Karen Carlson continue to reside on the subject property.

## FEDERAL TAX LIABILITIES AND LIENS

22.    Karen Carlson did not file tax returns for tax years 2001 through 2004 and 2010 through 2011. The IRS conducted an investigation, determined her tax liability, and prepared tax returns for her for these years pursuant to 26 U.S.C. § 6020.

23    The IRS sent Karen Carlson notices of deficiency for each of the years mentioned in paragraph 22. She did not timely petition the United States Tax Court, and so a duly authorized delegate of the Secretary of the Treasury of the United States timely assessed the tax deficiencies and additions to tax in the notices against her. The assessments are summarized in the following table:

| Type of Tax | Tax Period | Assessment Date | Amount and Type of Assessment | Outstanding Balance as of 9/14/18 [2] |
|---|---|---|---|---|
| Income (1040) | 2001 | 4/23/2007<br>4/23/2007<br>4/23/2007<br>4/23/2007<br>4/23/2007 | $40,582.00 – Tax<br>$9,130.95 – Failure to file penalty<br>$1,621.80 – Estimated tax penalty<br>$10,145.50 – Failure to pay penalty<br>$17,061.66 – Interest | $124,821.09 |
| Income (1040) | 2002 | 02/21/2005<br>02/21/2005<br>02/21/2005<br>02/21/2005<br>02/21/2005 | $41,668.00 – Tax<br>$9,375.30 – Failure to file penalty<br>$1,392.41 – Estimated tax penalty<br>$4,791.82 – Failure to pay penalty<br>$4,540.29 – Interest | $115,593.49 |
| Income (1040) | 2003 | 04/23/2007<br>04/23/2007<br>4/23/2007<br>04/23/2007<br>04/23/2007 | $38,742.00 – Tax<br>$8,716.95 – Failure to file penalty<br>$1,013.87 – Estimated tax penalty<br>$7,167.27 – Failure to pay penalty<br>$10,094.61 – Interest | $106,950.30 |
| Income (1040) | 2004 | 04/23/2007<br>04/23/2007<br>04/23/2007<br>04/23/2007<br>04/23/2007 | $23,662.90 – Tax<br>$5,324.15 – Failure to file penalty<br>$686.88 – Estimated tax penalty<br>$2,957.86 – Failure to pay penalty<br>$4,524.94 – Interest | $61,988.40 |
| Income (1040) | 2010 | 09/01/2014<br>09/01/2014<br>09/01/2014<br>09/01/2014<br>09/01/2014 | $12,700.00 – Tax<br>$2,769.53 – Failure to file penalty<br>$263.98 – Estimated tax penalty<br>$2,523.34 – Failure to pay penalty<br>$1,686.50 – Interest | $23,274.82 |
| Income (1040) | 2011 | 03/09/2015<br>03/09/2015<br>03/09/2015<br>03/09/2015<br>03/09/2015 | $104,304.00 – Tax<br>$23,468.40 – Failure to file penalty<br>$2,065.01 – Estimated tax penalty<br>$18,253.20 – Failure to pay penalty<br>$11,599.73 – Interest | $190,576.14 |
| **Total** | | | | $623,204.24 |

---

[2] The outstanding balance amount in paragraph 23 includes unassessed but accrued taxes, penalties, interest, payments, credits, and other adjustments through September 14, 2018.

24. Pursuant to 26 U.S.C. § 6303, the IRS gave timely notice to Karen Carlson of the assessments set forth in paragraph 23 and demanded payment of them.

25. Despite notice and demand for payment of the assessments set forth in paragraph 23, Karen Carlson has neglected, refused, or failed to fully pay the assessments against her.

26. Since the dates of assessment described in paragraph 23, interest, penalties, and statutory additions have accrued and will continue to accrue as provided by law. As of September 14, 2018, the outstanding balance of the assessments, including accrued interest and penalties, is $623,204.24.

27. The IRS issued collection due process (CDP) notices to Karen Carlson of proposed levies and notices of federal tax liens under 26 U.S.C. §§ 6320 and 6330.

28. On October 8, 2009, Karen Carlson timely requested a CDP hearing for the lien and levy notices for tax years 2001 through 2004. The IRS Office of Appeals issued a notice of determination sustaining the collection action, and Karen Carlson timely filed a petition to United States Tax Court to review the notice of determination.

29. On March 20, 2012, the Tax Court issued its opinion in *Carlson v. C.I.R.*, T.C. Memo. 2012-76, in which it held that Karen Carlson was liable for the assessed taxes for 2001-2004 and sustained the proposed collection action. Karen Carlson then appealed to the Ninth Circuit Court of Appeals.

30. On May 29, 2015, the Ninth Circuit upheld the Tax Court decision in *Carlson v. C.I.R.*, 604 F. App'x 628, 629 (9th Cir. 2015), including the decision to impose a penalty on Karen Carlson for frivolous filings.

31.    The statute of limitations on collecting assessed taxes was tolled pursuant to 26 U.S.C. § 6330(e) from the time of Karen Carlson's initial CDP hearing request until the decision of the Ninth Circuit became final.

32.    Charles Harman did not file tax returns for tax years 2000 through 2004. The IRS conducted an investigation, determined his tax liability, and prepared tax returns for him for these years pursuant to 26 U.S.C. § 6020.

33    The IRS sent Charles Harman notices of deficiency for each of the years mentioned in paragraph 32. He did not timely petition the United States Tax Court, and so a duly authorized delegate of the Secretary of the Treasury of the United States timely assessed the tax deficiencies and additions to tax in the notices against him. The assessments are summarized in the following table:

| Type of Tax | Tax Period | Assessment Date | Amount and Type of Assessment | Outstanding Balance as of 9/14/18[3] |
|---|---|---|---|---|
| Income (1040) | 2000 | 9/15/2008<br>9/15/2008<br>9/15/2008<br>9/15/2008<br>9/15/2008 | $107,837.00 – Tax<br>$24,263.33 – Failure to file penalty<br>$5,799.99 – Estimated tax penalty<br>$26,959.25 – Failure to pay penalty<br>$76,954.24 – Interest | $338,583.35 |
| Income (1040) | 2001 | 9/15/2008<br>9/15/2008<br>9/15/2008<br>9/15/2008<br>9/15/2008 | $39,997.00 – Tax<br>$8,999.33 – Failure to file penalty<br>$1,598.42 – Estimated tax penalty<br>$9,999.25 – Failure to pay penalty<br>$23,596.59 – Interest | $121,258.90 |
| Income | 2002 | 9/15/2008 | $14,070.00 – Tax | $40,481.46 |

[3] The outstanding balance amount in paragraph 33 includes unassessed but accrued taxes, penalties, interest, payments, credits, and other adjustments through September 14, 2018.

| | | | | |
|---|---|---|---|---|
| (1040) | | 9/15/2008 | $3,165.75 – Failure to file penalty | |
| | | 9/15/2008 | $470.19 – Estimated tax penalty | |
| | | 9/15/2008 | $3,517.50 – Failure to pay penalty | |
| | | 9/15/2008 | $6,883.00 – Interest | |
| Income (1040) | 2003 | 9/15/2008 | $26,184.00 – Tax | $72,197.91 |
| | | 9/15/2008 | $5,891.40 – Failure to file penalty | |
| | | 9/15/2008 | $675.60 – Estimated tax penalty | |
| | | 9/15/2008 | $6,546.00 – Failure to pay penalty | |
| | | 9/15/2008 | $10,830.33 – Interest | |
| Income (1040) | 2004 | 9/15/2008 | $17,617.00 – Tax | $46,630.54 |
| | | 9/15/2008 | $3,963.83 – Failure to file penalty | |
| | | 9/15/2008 | $504.83 – Estimated tax penalty | |
| | | 9/15/2008 | $3,611.48 – Failure to pay penalty | |
| | | 9/15/2008 | $5,939.48 – Interest | |
| **Total** | | | | $619,152.16 |

34.     Pursuant to 26 U.S.C. § 6303, the IRS gave timely notice to Charles Harman of the assessments set forth in paragraph 33 and demanded payment of them.

35.     Despite notice and demand for payments of the assessments described in paragraph 33 above, Charles Harman has neglected, refused, or failed to fully pay the assessments against him.

36.     Since the dates of the assessments described in paragraph 33 above, interest, penalties and statutory additions have accrued and will continue to accrue, as provided by law. As of September 14, 2018, the outstanding balance of these assessments, including accrued interest and civil penalties, is $619,152.16 against Defendant Charles Harman.

37.     Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens in favor of the United States arose on the dates of assessments and attached to all property and rights to property of Karen Carlson and Charles Harman.

38.     To provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS filed Notices of Federal Tax Lien with the Yamhill County Recorder's Office as follows:

| Type of Tax | Taxpayer | Tax Year(s) | Recording Date |
|---|---|---|---|
| Income | Karen Carlson | 2001, 2002, 2003, 2004 | 09/15/2009 |
| Income | Charles Harman | 2000, 2001, 2002, 2003, 2004 | 10/30/2009 |
| Income | Karen Carlson | 2010 | 11/12/2014 |
| Income | Karen Carlson | 2011 | 03/20/2015 |

### COUNT I: REDUCE TO JUDGMENT FEDERAL TAX ASSESSMENTS AGAINST KAREN CARLSON FOR TAX YEARS 2001-2004, 2010 and 2011

39.     The United States incorporates the allegations in paragraphs 1 to 38.

40.     The IRS timely assessed federal taxes, interest, and penalties against Karen Carlson for tax years 2001-2004, 2010, and 2011, as described in paragraph 23.

41.     Despite notice and demand for payment of the assessments described in paragraph 23, Karen Carlson has neglected or refused to make full payment to the United States. As of September 14, 2018, she owes a total of $623,204.24 in federal income tax liabilities, including accrued penalties and interest.

42.     This action is brought within the appropriate statute of limitations for collection under 26 U.S.C. § 6502.

43.     Under 26 U.S.C. § 7402(a), the United States is entitled to judgment against Karen Carlson for the unpaid balance of the assessments described in paragraph 23, plus interest and other statutory additions accruing to the date of payment.

### COUNT II: REDUCE TO JUDGMENT FEDERAL TAX ASSESSMENTS AGAINST CHARLES HARMAN FOR TAX YEARS 2000-2004

44.     The United States incorporates the allegations in paragraphs 1 to 43.

45.     The IRS timely assessed federal taxes, interest, and penalties against Charles Harman for tax years 2000-2004, as described in paragraph 33.

46.     Despite notice and demand for payment of the assessments described in paragraph 33, Charles Harman has neglected or refused to make full payment to the United States. As of September 14, 2018, he owes a total of $619,152.16 in federal income tax liabilities, including accrued penalties and interest.

47.     This action is brought within the appropriate statute of limitations for collection under 26 U.S.C. § 6502.

48.     Under 26 U.S.C. § 7402(a), the United States is entitled to judgment against Charles Harman for the unpaid balance of the assessments described in paragraph 33, plus interest and other statutory additions accruing to the date of payment.

### COUNT III: DETERMINE THAT THE FEDERAL TAX LIENS AGAINST KAREN CARLSON AND CHALRES HARMAN ATTACH TO THE SUBJECT PROPERTY

49.     The United States incorporates the allegations in paragraphs 1 to 48.

50.     Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens in favor of the United States and against Charles Harman and Karen Carlson arose on the dates of tax assessments against them. Specifically, federal tax liens arose against Karen Carlson on February 21, 2005 (for tax year 2002); April 23, 2007 (for tax years 2001, 2003, and 2004); September 1, 2014 (for tax year 2010); and March 9, 2015 (for tax year 2011). Federal tax liens arose against Charles Harman on September 15, 2008 (for tax years 2000-2004).

51.    The IRS recorded the federal tax liens with the Yamhill County Recorder's Office on the dates described in paragraph 38. Once recorded, the federal tax liens became valid against any subsequent purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor pursuant to 26 U.S.C. § 6323.

52.    Karen Carlson held title to the subject property from December of 2005 until she conveyed it to Charles Harman on September 23, 2012. During this time, the IRS assessed the taxes described in paragraph 23 for tax years 2001-2004 against her, and it recorded tax liens against her on September 15, 2009. The tax liens for tax years 2001-2004 therefore attached to the subject property.

53.    On September 25, 2012, Karen Carlson executed a bargain sale deed conveying the subject property to Charles Harman for "$1.00 plus other good and valuable consideration," which was not adequate consideration. The liens against Karen Carlson remained attached to the subject property, and Charles Harman took title to the subject property subject to those liens.

54.    The IRS had already assessed the taxes described in paragraph 33 against Charles Harman and recorded the tax liens before September of 2012. These liens attached to the subject property once he took title to it.

55.    The tax liens against Karen Carlson for tax years 2001-2004 and the tax liens against Charles Harman for tax years 2000-2004 remain attached to the subject property.

56.    In addition, Charles Harman received the subject property in a fraudulent conveyance from Karen Carlson.

Complaint                                    13
(Case No.)

57.    After the United States Tax Court issued its opinion sustaining the filing of the federal tax liens against Karen Carlson for tax years 2001-2004 and while the appeal was still pending, she transferred title to the subject property to Charles Harman for $1.00.

58.    Karen Carlson is married to Charles Harman and has a close relationship with him.

59.    Karen Carlson was insolvent at the time she transferred the subject property, or she became insolvent as a result of the transfer.

60.    Karen Carlson continues to live in the subject property and enjoy it.

61.    After transferring the subject property, Karen Carlson has continued to make mortgage and utility payments for the subject property from a bank account in her name.

62.    Upon information and belief, Karen Carlson titled the subject property in Charles Harman's name to shield it from her creditors, including the United States.

63.    Accordingly, Charles Harman received the subject property in a fraudulent conveyance because Karen Carlson transferred with property (1) with the intent to hinder, delay, and defraud creditors, including the United States; (2) without receiving reasonably equivalent value as consideration, and she knew or reasonably should have known that she had or would incur debts beyond her ability to pay as they became due; or (3) without receiving reasonably equivalent value as consideration, and she made the transfer after becoming indebted to the United States and was insolvent at the time of the transfer or became insolvent as a result of the transfer. *See* Or. Rev. Stat. §§ 95.230 and

Complaint                                          14
(Case No.)

95.240. As a result, the tax liens against Karen Carlson for tax years 2010 and 2011 that were recorded after the transfer also attach to the subject property. Or. Rev. Stat. §§ 95.260(1)(b).

64.     In the alternative, Charles Harman holds title to the subject property as the nominee or alter ego of Karen Carlson, and therefore the tax liens against Karen Carlson for tax years 2010 and 2011 that were recorded after the transfer also attach to the subject property.

## COUNT IV: DETERMINE THAT JULIE PETTIT DOES NOT HAVE A VALID LIEN ON THE SUBJECT PROPERTY

65.     The United States incorporates the allegations in paragraphs 1 to 64.

66.     The IRS issued Karen Carlson CDP lien and levy notices in September of 2009 and recorded a notice of federal tax lien in Yamhill County on September 15, 2009.

67.     On October 29, 2009, Karen Carlson recorded a deed of trust with her sister, Julie Pettit, as the beneficiary. The deed secures a purported $880,000 loan from Julie Pettit to Karen Carlson.

68.     Karen Carlson purchased the subject property for $695,000 in early 2006 with a loan of $556,000 secured by a deed of trust on the property.

69.     By 2009, Karen Carlson had paid off little of the loan principal – over $550,000 remained. The economic downturn also diminished property values in the area around the subject property in 2009.

70.     It makes no business sense for a legitimate creditor to loan $880,000 with the subject property as security in October of 2009, when the American Brokers Conduit loan was superior and took up most of the subject property's equity.

71.     The deed of trust in favor of Julie Pettit references monthly payments to her on the first of each month of $2,933.33.

72.     Bank records of Karen Carlson show periodic payments for the original deed of trust with American Brokers Conduit (now serviced by Ocwen Financial), but they do not show any payments to Julie Pettit.

73.     Bank records also show no record of Karen Carlson receiving $880,000 from Julie Pettit.

74.     Karen Carlson is a professional home mortgage underwriter with knowledge of how to make and execute a deed of trust and knowledge of how the deed of trust with her sister could cloud title to the subject property and hinder collection from her creditors.

75.     Karen Carlson has filed numerous other frivolous documents with the IRS and raised them during her litigation before the United States Tax Court and the Ninth Circuit, in which she was sanctioned by the courts for making frivolous arguments.

76.     The deed of trust between Karen Carlson and Julie Pettit is not a legitimate deed and it should not encumber the subject property.

### COUNT IV: FORECLOSE FEDERAL TAX LIENS ON THE SUBJECT PROPERTY

77.     The United States incorporates the allegations in paragraphs 1 to 76.

Complaint                                    16
(Case No.)

78.     Under 26 U.S.C. §§ 6321 and 6322, federal tax liens arose at the time of the tax assessment paragraphs 23 and 33 against all property and rights to property belonging to Karen Carlson and Charles Harman.

79.     To provide notice to third parties, the United States recorded Notices of Federal Tax lien for the tax periods and on the dates described in paragraph 38.

80.     The federal tax liens against Karen Carlson for tax years 2001-2004 and against Charles Harman for tax years 2000-2004 attach to the subject property.

81.     In the alternative, the federal tax liens against Karen Carlson for tax years 2001-2004, 2010, and 2011 attach to the subject property because Charles Harman holds title to it as the nominee, alter ego, or fraudulent transferee of Karen Carlson.

82.     The United States' federal tax liens have priority over all interests in the Subject Property acquired after the attachment of the liens, subject to 26 U.S.C. § 6323.

83.     Under 26 U.S.C. § 7403, the United States is entitled to enforce its federal tax liens by foreclosing upon and selling the subject property.

## REQUEST FOR RELIEF

WHEREFORE, the Unite States respectfully requests that the Court enter judgment in its favor and against Karen Carlson and Charles Harman as follows:

A.     Enter judgment against Karen L. Carlson on the assessments described in paragraph 23 in the amount of $623,204.24, plus interest and statutory additions in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601 and 6621, which have accrued and will continue to accrue according to law from September 14, 2018 until judgment is paid;

Complaint
(Case No.)                                          17

B.   Enter judgment against Charles Harman on the assessments described in paragraph 33 in the amount of $619,152.16 plus interest and statutory additions in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601 and 6621, which have accrued and will continue to accrue according to law from September 14, 2018 judgment is paid;

C.   Determine that the federal tax liens of the United States for the assessments described in paragraph 23 against Karen Carlson for tax years 2001-2004, 2010, and 2011 and the federal tax liens of the United States for the assessments described in paragraph 33 against Charles Harman for tax years 2000-2004 attach to the subject property and that the United States had valid and subsisting liens against the subject property.

D.   Order that the federal tax liens of the United States be foreclosed upon the subject property, that the subject property be sold, and that the proceeds from the sale be distributed to the United States and all other creditors in their respective priorities, in accordance with the Court's findings as to the validity and priority of the liens and claims of all the parties;

E.   Award the United States its costs and such other relief as is just and proper.


//


//


Complaint
(Case No.)                              18

Dated: August 30, 2018

Respectfully submitted,

RICHARD E. ZUCKERMAN
Acting Assistant Attorney General

*/s/ Alexander E. Stevko*
ALEXANDER E. STEVKO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-2380 (v)
202-307-0054 (f)
Alexander.Stevko@usdoj.gov

BILLY J. WILLIAMS
United States Attorney
District of Oregon
*Of Counsel*

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Karen Carlson; Charles Harman; Yamhill County, Oregon; Ocwen Financial Corporation; Oregon Department of Revenue; Julie Pettit; Martin Strelecky; and Teresa Strelecky |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alexander Stevko, U.S. Department of Justice Tax Division, PO Box 683
Washington, D.C. 20044; 202-616-2380

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7402 and 7403

Brief description of cause:
Reduce tax assessments to judgment and foreclose tax liens

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ 1,242,356.00 | CHECK YES only if demanded in complaint: JURY DEMAND:  ☐ Yes  ☒ No |
|---|---|---|---|

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/30/2018 | *Alexander T. Stevko* |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev 08/18)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  | ) |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><em>Plaintiff(s)</em></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><em>Defendant(s)</em></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#10137; I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#10137; I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#10137; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

&#10137; I returned the summons unexecuted because _____ ; or

&#10137; Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff(s)* | ) ) ) ) | |
| v. | ) | Civil Action No. |
| _____ | ) ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*
.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td align="center"><em>Plaintiff(s)</em></td><td>)</td><td></td></tr>
<tr><td align="center">v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td align="center"><em>Defendant(s)</em></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                            *Server's signature*

                                                            _____
                                                            *Printed name and title*

                                                            _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____        _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
                                                                                          .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) | |
|  | ) | |
|  | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
|  | ) | |
|  | ) | |
|  | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: